IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

HECTOR J. TORRES-VEGA,

Plaintiff,

v.

ADMINISTRACION DE CORRECCION, *et al.*,

Defendants.

CIVIL NO. 14-1015 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion to Dismiss under Fed R. Civ. P. 12(b)(1) and 12(b)(6) filed on November 10, 2014 by co-defendants Department of Corrections, Miguel Caban-Rosado, Christian Velez-Ramos, Carlos Ortiz-Rodriguez, and Kenneth Parrilla-Rivera (collectively "Defendants"). Docket No. 26. Over six months have passed and Plaintiff has failed to oppose the motion. For the reasons outlined below, Defendants' Motion is **GRANTED**.

## BACKGROUND

On January 9, 2014, inmate Hector J. Torres-Vega ("Plaintiff") filed a Complaint *pro se* against the Department of Corrections of Puerto Rico and various correctional officers alleging civil rights violations pursuant to 42 U.S.C. § 1983. Docket No. 2.[1] The Complaint was filed in

---

[1] In addition to the appearing co-defendants that filed the Motion to Dismiss, Plaintiff also sued officers Roberto Del Valle, Edwin Padilla, Nestor Bornen, Eleonor Irizarry, Luis Baez, Heider Perez, and Hector Vargas-Diaz. The Court notes that Edwin Padilla, although properly served, failed to file an answer or

Spanish and, thus, was stricken from the record for failure to comply with Rule 5 of the Local Rules of Civil Procedure. Docket No. 22. On September 23, 2014, Plaintiff filed the Amended Complaint in English asserting a series of civil rights violations. Docket No. 23. These allegations vary in nature. First, Plaintiff avers that Defendant Kenneth Parrilla-Rivera did not allow him to participate in Catholic religious services inside the penal institution. *Id.* at 2-3. As a result, Plaintiff filed four grievances requesting administrative remedies for this alleged violation: (1) B-1036-12 was filed on September 4, 2012 and the determination was notified on October 11, 2012; (2) B-329-12 was filed on March 19, 2012 and the determination was notified on April 10, 2012; (3) B-273-12 and B-274-12, which were filed on March 19, 2012 and the determinations were announced on April 10, 2012. *Id.*; *see also* Docket No. 26 at 2. Furthermore, Plaintiff only filed reconsiderations of B-273-12 and B-274-12 grievances and received their respective Resolutions on May 16, 2012. Docket No. 26 at 2.

Second, Plaintiff claims that he was pepper sprayed in an abusive and indiscriminate manner on three separate occasions —on June 27, August 30, and December 20, 2012, respectively. Docket No. 23 at 3-5. Plaintiff identifies co-defendants Edwin Padilla, Christian Velez-Ramos, Luis Baez, Carlos Ortiz-Rodriguez, Roberto Del Valle, Edwin Padilla, Nestor Bornen, Eleonor Irizarry, Luis Baez, Heider Perez, and Hector Vargas-Diaz as those involved in the alleged abuses. *Id.* Plaintiff asserts that the use of pepper spray has affected his vision and has caused him redness in his right eye. *Id.* He also claims that he was denied proper medical

---

responsive pleading within the period prescribed by the Federal Rules of Civil Procedure. Moreover, the Court notes that summons were returned unexecuted as to co-defendants Roberto Del Valle, Eleonor Irizarry, Luis Baez, Heider Perez, and Hector Vargas-Diaz. Finally, as to Nestor Bornen, there is no evidence in the record to determine whether he was properly served with summons.

attention after each instance and has not been taken to an optometrist to examine his eyes. *Id.* In light of these claims, Plaintiff filed four grievances requesting administrative remedies: (1) B-1248-13 was filed on July 10, 2013 and the determination was notified on July 29, 2013; (2) B-147-13 was filed on January 22, 2013 and the determination was notified on January 30, 2013; (3) B-1037-12 was filed on September 4, 2012 and the determination was notified on October 11, 2012; (4) B-928-12 was filed on July 24, 2012 and the determination was notified on August 7, 2012. *Id.*; *see also* Docket No. 26 at 2-3. Plaintiff only filed a reconsideration of the B-928-12 grievance and received its Resolution on October 18, 2012. Docket No. 26 at 3.

Defendants argue that Plaintiffs' Amended Complaint must be dismissed because: (1) the claims are time barred; (2) Plaintiff failed to exhaust administrative remedies; (3) the Eleventh Amendment immunity bars damages claims against the Department of Corrections and Defendants in their official capacity; and, (4) in the alternative, Defendants are entitled to qualified immunity. *Id.* at 6-14. Plaintiff has not opposed Defendants' Motion to Dismiss as to this day.[2] With this mind, the Court now proceeds to analyze Defendants' arguments and examine Plaintiffs' allegations.

---

[2] It has been clearly established that, although *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers, a "plaintiff's pro se status . . . does not insulate him from complying with 'procedural and substantive law.'" *Rios-Vargas v. Administracion de Correcion*, No. 13-1387 (D.P.R. June 19, 2013) (ordering pro se plaintiff to show cause as to why the case should not be dismissed for failure to state a claim) (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)) (other citations omitted). Moreover, this Court has already stated that "litigants should take note that failure to oppose a motion in the District of Puerto Rico authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when the result does not clearly offend equity.'" *Rodriguez-Salgado v. Somoza-Colombani*, 937 F. Supp. 2d 206, 210-211 (D.P.R. 2013) (quoting *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002)).

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [plaintiff's] claims across the line from conceivable to plausible." *Id.* at 1974. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *See Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1990). Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Goolev v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). Courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

Finally, affirmative defenses, such as the statute of limitations and the failure to exhaust administrative remedies, may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) provided that "the facts establishing the defense [are] clear 'on the fact of the plaintiff's pleadings.'" *Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir. 2001) (quoting *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 591 (1st Cir. 1989)) (other citations omitted).

## ANALYSIS

Defendants first argue that Plaintiffs' claims pursuant to § 1983 must be dismissed because they are time-barred. Docket No. 26 at 7-9. The Court agrees. In determining the applicable limitation period for suits brought under § 1983, courts must "borrow the statute of limitations applicable to personal injury actions under the law of the forum state." *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam), *cert. denied*, 502 U.S. 1063 (1992). It has been clearly established that "[i]n Puerto Rico, the limitation period for section 1983 cases is one year." *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 352-53 (1st Cir. 1992) (citations omitted).

Moreover, while the one-year statute of limitations of a § 1983 is determined by Puerto Rico law, "the date of accrual of such an action is determined in accordance with federal law." *Id.* (citations omitted). In such cases, the cause of action begins to accrue "when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Id.* (citations omitted). In other words, Plaintiff was required to file his § 1983 suit within one year of the time his cause of action accrued, or forever hold his peace. Finally, it is well established that the one-year statute of limitations "must be tolled while a prisoner completes the mandatory exhaustion process." *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011) (quoting *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005)).

With respect to grievance B-928-12, Plaintiff received the Resolution of his reconsideration on October 18, 2012. With respect to grievances B-273-12 and B-274-12, he received both Resolutions on May 16, 2012. While the filing of said grievances tolled the one-year limitation period, Plaintiffs' cause of action began to accrue after he was notified of each Resolution. Since more than one year passed between these dates and the filing of the Complaint

Civil No. 14-1015 (JAG)                                                                                      6

at bar, it follows that the claims related to these grievances are time barred. Additionally, the claims related to grievances B-1037-12, B-1036-12, and B-329-12 are also time barred since more than one year passed between the date when Plaintiff received the determination for each grievance and the date when he filed the Complaint at bar.

Defendants also argue that Plaintiff failed to properly exhaust those administrative remedies available to him. The Prison Litigation Reform Act provides in relevant part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). This exhaustion requirement implies that a claimant must take all, as opposed to some, of the steps available in the grievance process.

In the instant case, Plaintiff failed to appeal any of the determinations or resolutions issued through the available grievance procedure. The Court notes that, with respect to the claims related to grievances B-1248-13 and B-147-13, Plaintiff neither filed a request for reconsideration of said determinations nor appealed them.[3] In other words, by pursuing only *some* of the steps available and not appealing any of the decisions issued as part of the grievance procedure, Plaintiff failed to exhaust the administrative remedies available to him. Consequently, since "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," it follows that Plaintiff's claims of excessive force and improper use of pepper spray on December 20, 2012, —which, in turn, are

---

[3] Since Plaintiff filed his first Complaint on January 9, 2014, the Court finds that these specific claims are not time barred.

related to grievances B-1248-13 and B-147-13— must be dismissed without prejudice. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Rivera v. Garcia*, 192 F.R.D. 57, 60 (D.P.R. 2000) (dismissing claims without prejudice for failure to exhaust administrative remedies).

Finally, the reasoning in this Opinion —particularly, that some claims are time barred and that Plaintiff failed to exhaust administrative remedies— applies with equal force to the non-moving co-defendants, including those who were not properly served with summons.

## CONCLUSION

In view of the above, Defendants' Motion, Docket No. 26, is **GRANTED**. Plaintiff's claims related to grievances B-928-12, B-273-12, B-274-12, B-1037-12, B-1036-12, and B-329-12 are time barred and, thus, dismissed *with prejudice*. Moreover, Plaintiff's claims related to grievances B-1248-13 and B-147-13 are hereby dismissed *without prejudice* for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of June, 2015.

S/ Jay A. Garcia-Gregory

JAY A. GARCIA-GREGORY

United States District Judge